The OKLAHOMA PUBLISHING COMPA-
NY, Individually and on behalf of its
Oklahoma Graphics and National Pack-
aging Divisions, Gaylord Broadcasting
Company, and Mistletoe Express Ser-
vice, Appellants,

v.

Ethel Bent WALSH, Acting Chairman,
Equal Employment Opportunity Com-
mission, and Colston A. Lewis and Dan-
iel E. Leach, Commissioners, Equal Em-
ployment Opportunity Commission, Ap-
pellees,

and

Luther B. Eubanks, Judge, United States
District Court, Western District of
Oklahoma, Appellee.

No. 77–1531.

United States Court of Appeals,
Tenth Circuit.

Argued Oct. 27, 1971.

Decided March 16, 1978.

Mary T. Matthies of Kothe, Nichols &
Wolfe, Inc., Tulsa, Okl., for appellants.

Abner W. Sibal, Gen. Counsel, Joseph T.
Eddins, Associate Gen. Counsel, Lutz Alex-
ander Prager and Neil A. G. McPhie, Attys.,
E.E.O.C., Washington, D. C., for appellees,
Members of E.E.O.C.

John E. Green, Acting U. S. Atty., Okla-
homa City, Okl., for appellee, Luther B.
Eubanks, Judge, U. S. District Court for the
Western District of Oklahoma.

Before SETH, Chief Judge, DOYLE, Cir-
cuit Judge, and STANLEY, Senior District
Judge *.

PER CURIAM.

The appellants, Oklahoma Publishing
Company and several subsidiaries, filed the
present action to appeal an order granting
defendant, Equal Employment Opportunity
Commission, motion to strike the complaint
under Rules 11 and 12(f), Fed.R.Civ.P. This
proceeding is part of an ongoing investiga-
tion of appellant's books and records to
determine whether there has been any vio-
lation of Title VII, Civil Rights Act of 1964,
42 U.S.C. §§ 2000e et seq. (1970 and Supp.
V, 1975). It is the third attempt to reach
this court on appeal and a review of prior
proceedings is wholly unnecessary:

The appellants request a three-judge
court to declare certain provisions of 42
U.S.C. § 2000e unconstitutional. They also

* Of the District of Kansas, Sitting by Designation.

contend that the award of attorney's fees was improper.

In our opinion of September 5, 1975, we said: ". . . the complaint at this stage must be viewed as an attempt to divert, forestall, or anticipate administrative proceedings." See also our opinion in No. 76–1625 of January 13, 1978. The subpoena duces tecum was a part of the administrative proceedings.

■ We affirm the trial court's order denying appellant's motion to alter or amend judgment.

In its oral opinion, the trial court said:

". . . I am convinced that this is nothing short of harassment. You have made up your mind that you are not going to follow the law, . . . and you are going to seek every remedy everywhere you can to see that you don't expose your books . . ."

■ The enforcement of the subpoena does not constitute an unreasonable search and seizure. We have made it unmistakably clear that the administrative action must be allowed to run its course before a broad-scale constitutional attack may be considered.

AFFIRMED.