579 F.2d 66
 22 Fair Empl.Prac.Cas. 1429
 The OKLAHOMA PUBLISHING COMPANY, Individually and on behalf
of its Oklahoma Graphics and National Packaging
Divisions, Gaylord Broadcasting Company,
and Mistletoe Express Service,
Appellants,
v.
Ethel Bent WALSH, Acting Chairman, Equal Employment
Opportunity Commission, andColston A. Lewis and
Daniel E. Leach, Commissioners, Equal
EmploymentOpportunity
Commission, Appellees,
and
Luther B. Eubanks, Judge, United States District Court,
Western District ofOklahoma, Appellee.
 No. 77-1531.
 United States Court of Appeals,
Tenth Circuit.
 Argued Oct. 27, 1971.
Decided March 16, 1978.
 
 Mary T. Matthies of Kothe, Nichols & Wolfe, Inc., Tulsa, Okl., for appellants.
 Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Lutz Alexander Prager and Neil A. G. McPhie, Attys., E.E.O.C., Washington, D. C., for appellees, Members of E.E.O.C.
 John E. Green, Acting U. S. Atty., Oklahoma City, Okl., for appellee, Luther B. Eubanks, Judge, U. S. District Court for the Western District of Oklahoma.
 Before SETH, Chief Judge, DOYLE, Circuit Judge, and STANLEY, Senior District Judge*.
 PER CURIAM.
 
 
 1
 The appellants, Oklahoma Publishing Company and several subsidiaries, filed the present action to appeal an order granting defendant, Equal Employment Opportunity Commission, motion to strike the complaint under Rules 11 and 12(f), Fed.R.Civ.P. This proceeding is part of an ongoing investigation of appellant's books and records to determine whether there has been any violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1970 and Supp. V, 1975). It is the third attempt to reach this court on appeal and a review of prior proceedings is wholly unnecessary.
 
 
 2
 The appellants request a three-judge court to declare certain provisions of 42 U.S.C. § 2000e unconstitutional. They also contend that the award of attorney's fees was improper.
 
 
 3
 In our opinion of September 5, 1975, we said: ". . . the complaint at this stage must be viewed as an attempt to divert, forestall, or anticipate administrative proceedings." See also our opinion in No. 76-1625 of January 13, 1978. The subpoena duces tecum was a part of the administrative proceedings.
 
 
 4
 We affirm the trial court's order denying appellant's motion to alter or amend judgment.
 
 In its oral opinion, the trial court said:
 
 5
 ". . . I am convinced that this is nothing short of harassment. You have made up your mind that you are not going to follow the law, . . . and you are going to seek every remedy everywhere you can to see that you don't expose your books . . ."
 
 
 6
 The enforcement of the subpoena does not constitute an unreasonable search and seizure. We have made it unmistakably clear that the administrative action must be allowed to run its course before a broad-scale constitutional attack may be considered.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Of the District of Kansas, Sitting by Designation